MCC:ACP:jm

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    )   CRIMINAL NO.
                          )
         v.          )   (Judge        )
                          )
ROSS SCARANTINO,        )
                          )
        Defendant   )

P L E A   A G R E E M E N T

The following plea agreement is entered into by and between the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant. Any reference to the United States or to the Government in this Agreement shall mean the office of the  United States Attorney for the Middle District of Pennsylvania.

The defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines which took effect on November 1, 1987, as amended and interpreted by United States v. Booker, 125 S. Ct. 738 (2005), will apply to the offenses to which the defendant is pleading guilty.

1. Waiver of Indictment/Plea of Guilty. The defendant agrees to waive indictment by a grand jury and plead guilty to a felony information which will be filed against the defendant by the United States Attorney for the Middle District of Pennsylvania. That information will charge the defendant with a violation of Title 18, United States Code, Section 666(a)(1)(B),corrupt receipt of reward for official action

concerning program receiving federal funds.  The maximum penalty for that offense is imprisonment for a period of 10 years, a fine of $250,000.00, a maximum term of supervised release of up to 3 years, to be determined by the court, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits as well as an assessment in the amount of $100.00.  At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offense charged in the information.  The defendant further agrees that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant's conduct, including facts that support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the court at a sentencing hearing.  In the event that the defendant subsequently successfully vacates or sets aside any plea, conviction or sentence imposed pursuant to this plea agreement, the defendant further agrees to waive any defense to the filing of additional charges which could have been brought against the defendant at the time of this plea based upon laches, the assertion of any speedy trial rights, any applicable statute of limitations, or any other grounds.

    2.  <u>Supervised Release</u>.  The defendant also understands that

the Court must impose a term of supervised release following any sentence of  imprisonment exceeding one (1) year, or when required by statute.  The Court may require a term of supervised release in any other case.

3.  <u>Maximum Sentence</u>.  The defendant understands that the total, maximum possible sentence for all charges is 10 years in the combination of penalties described above; that is prison and/or fines totaling $250,000.00, a term of supervised release to be determined by the Court of up to 3 years, the costs of prosecution, denial of certain federal benefits and an assessment totaling $100.00.

4.  <u>Fine</u>.  The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984.  The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this plea agreement.  Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

5.  <u>Alternative Fine</u>.  The defendant understands that under the alternative fine section of Title 18, United States Code, Section 3571, the maximum fine quoted above may be increased if the District Court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum

3

fine to be imposed, if the Court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

6. <u>Inmate Financial Responsibility Program</u>.  If the Court awards a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary and apply those amounts on the defendant's behalf to the payment of the outstanding fine and restitution orders.

7. <u>Special Assessment</u>.  The defendant understands that the Court will impose a special assessment of $100.00 pursuant to the provisions of Title 18, United States Code, Section 3013. No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court Middle District of Pennsylvania. This check should be made payable to "Clerk, United States District Court". Counsel for the defendant shall provide a copy of the special assessment check or a Clerk's receipt to the United States Attorney's Office for the Middle District of Pennsylvania at the time of sentencing certifying compliance with this provision of the plea agreement. If the

4

defendant intentionally fails to make this payment, pays with an insufficient funds check, or otherwise fails to comply with any of the requirements of the United States Attorney's Office's Financial Litigation Unit regarding the special assessment, it is understood that this failure may be treated as a breach of this plea agreement and may result in further prosecution or the filing of additional criminal charges, or a contempt citation.

8.  <u>Financial Litigation Unit Investigation</u>.  The defendant agrees, as a part of this agreement, to submit to interviews by the United States Attorney's Office's Financial Litigation Unit regarding the defendant's financial status. As part of this process, the defendant, whether represented by counsel or not, consents to contact by and communication with the Financial Litigation Unit, and regarding representation by undersigned counsel, the defendant and counsel consent to contact by and communication with the Financial Litigation Unit and agree to waive any prohibition against communication with a represented party by the United States Attorney's Office regarding defendant's financial status.  Pursuant to Title 18, United States Code, Section 3664 (d)(3) the defendant also agrees to complete the required financial affidavit, fully describing the defendant's financial resources within 10 days of the guilty plea. The defendant will submit the original affidavit, on forms prescribed by the probation office, to the U.S. Probation Office

5

with a copy to the United States Attorney's office.

9.  <u>No Further Prosecution, Except Tax Charges</u>.  The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense described above.  However, nothing in this agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.  The defendant agrees to interpose no objections to the entry of an order under Fed.R.Crim.P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of the defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney or the Criminal Investigation Division of the Internal Revenue Service.  The parties agree that the defendant will have access to and be permitted to copy any 6(e) material that is turned over to the IRS.

10.  <u>Acceptance of Responsibility</u>.  Counsel for the defendant has affirmatively indicated to the United States Attorney's Office that the defendant not only wishes to enter a plea of guilty, but will clearly demonstrate a recognition and affirmative acceptance of responsibility as required by the sentencing guidelines.  Additionally, the defendant has assisted authorities in the investigation and prosecution of his own

6

misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate its resources efficiently.  Accordingly, if the defendant's offense level is 16 or greater as determined by application of the advisory United States Sentencing Commission Guidelines, and if the defendant can adequately demonstrate this acceptance of responsibility to the government, the United States Attorney's Office will move at sentencing that the defendant receive a three-level reduction in the defendant's offense level for acceptance of responsibility.  If the defendant's offense level is less than 16 as determined by application of the advisory United States Sentencing Commission Guidelines, and if the defendant can adequately demonstrate this acceptance of responsibility to the government, the United States Attorney's Office will move at sentencing that the defendant receive a two-level reduction in the defendant's offense level for acceptance of responsibility. The failure of the Court to find that the defendant is entitled to this two-level reduction shall not be a basis to void this plea agreement.

11.  Appropriate Sentence Recommendation.  At the time of sentencing, the United States may make a recommendation that it considers appropriate based upon the nature and circumstances of the case and the defendant's participation in the offense, and

specifically reserves the right to recommend a sentence up to and including the maximum sentence of imprisonment and fine allowable, together with the cost of prosecution.

12.  Specific Sentencing Guidelines Recommendations.  With respect to the application of the United States Sentencing Commission Sentencing Guidelines to the defendant's conduct, the parties agree as follows:

(a) The parties agree that the offense involves one gratuity of $5000 and that pursuant to U.S.S.C. § 2C1.2, the defendant's base offense level is 11 since the defendant was a public official;

(b) pursuant to U.S.S.G. § 2C1.2(b)(3), the defendant's offense level should be increased by 4 levels since the offense involved the defendant's role as a public official in a high-level decision-making position;

(c) each party reserves the right to make whatever remaining arguments it deems appropriate with regard to application of the United States Sentencing Commission Guidelines.

The defendant understands that none of these recommendations

8

is binding upon either the court or the United States Probation Office, which may make different findings as to the application of the United States Sentencing Commission Sentencing Guidelines to the defendant's conduct.  The defendant further understands that the United States will provide the Court and the United States Probation Office all information in its possession which it deems relevant to the application of the United States Sentencing Commission Sentencing Guidelines to the defendant's conduct.

13.  <u>Special Conditions of Probation/Supervised Release</u>.  If probation or a term of supervised release is ordered, the United States may recommend that the court impose one or more special conditions, including but not limited to the following:

(a)  The defendant be prohibited from possessing a firearm or other dangerous weapon.

(b)  The defendant make restitution, if applicable payment of which shall be in accordance with a schedule to be determined by the court.

(c)  The defendant pay any fine imposed in accordance with a schedule to be determined by the court.

(d)  The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation office unless the defendant is in compliance with the payment schedule.

(e)  The defendant be directed to provide the

9

probation office and the United States
Attorney access to any requested financial
information.

(f)  The defendant be confined in a community
treatment center, halfway house or similar
facility.

(g)  The defendant be placed under house
detention.

(h)  The defendant be ordered to perform
community service.

(I)  The defendant be restricted from
working in certain types of occupation
or with certain individuals, if the Government
deems such restrictions to be appropriate.

(j)  The defendant be directed to attend
substance abuse counseling which may
include testing to determine whether the
defendant is using drugs or alcohol.

(k)  The defendant be directed to attend
psychiatric or psychological counseling
and treatment in a program approved by
the probation officer.

(l)  The defendant be denied certain federal
benefits including contracts, grants, loans,
fellowships and licenses.

(m) The defendant be directed to pay any state or
federal taxes and file any and all state and federal
tax returns as required by law.

14.  <u>Substantial Assistance</u>.  The defendant has agreed to

cooperate with the United States.  Upon completion of the

cooperation, if the United States believes the defendant has

provided "substantial assistance" pursuant to Section 5K1.1 of

the United States Sentencing Guidelines, the United States may

request the Court to depart below the guideline range when fixing

10

a sentence for this defendant.  In the event that the defendant
renders substantial assistance, the United States specifically
reserves the right to make a specific recommendation of a term of
months to the District Court.  However, the defendant
acknowledges that the United States may decline to exercise its
discretion and recommend a departure if the defendant breaches
any of the provisions of this Agreement, commits any other
offense while awaiting plea or sentencing, or if the defendant's
plea involved a guilty plea to an offense which reduces the
defendant's maximum possible sentence below the guidelines
imprisonment range otherwise called for by the Sentencing
Guidelines in this case.

    15.  <u>Cooperation</u>.  The defendant has agreed to cooperate
with the United States by providing information concerning the
unlawful activities of others.  The United States agrees that
self-incriminating information so provided will not be used
against the defendant in determining the applicable guideline
range except to the extent provided in this agreement.  This
provision, however, shall not be applied to restrict the use of
information:

        (a)  known to the United States prior to
entering into the cooperation agreement;

        (b)  concerning the existence of prior
convictions and sentences;

        (c) in a prosecution for perjury, giving a
false statement, or obstruction of justice;

11

(d)  in the event there is a breach of the
cooperation agreement.

16.  <u>Mandatory Restitution Act</u>.  The defendant acknowledges
that, pursuant to the Mandatory Restitution Act of April 24,
1996, Title 18, United States Code, Section 3663A, the Court is
required in all instances to order full restitution to all
victims for the losses those victims have suffered as a result of
the defendant's conduct. With respect to the payment of this
restitution, the defendant further agrees that, as part of the
sentence in this matter, the defendant shall be responsible for
making payment of this restitution in full, unless the defendant
can demonstrate to the satisfaction of the court that the
defendant's economic circumstances do not allow for the payment
of full restitution in the foreseeable future, in which case an
the defendant will be required to make partial restitution
payments.

17.  <u>Background Information for Probation Office</u>.  The
defendant also understands that the United States will provide to
the United States Probation Office all information in its
possession which the United States deems relevant regarding the
defendant's background, character, cooperation, if any, and
involvement in this or other offenses.

18.  <u>Objections to Pre-Sentence Report</u>.  The defendant
understands that pursuant to the United States District Court for
the Middle District of Pennsylvania "Policy for Guideline

Sentencing" both the United States and defendant must communicate to the probation officer within fourteen (14) days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, sentencing guideline ranges and policy statements contained on or omitted from the report.  The defendant agrees to meet with the United States at least five (5) days prior to sentencing in a good faith attempt to resolve any substantive differences.  If any issues remain unresolved, they shall be communicated to the probation officer for his inclusion on an addendum to the pre-sentence report.  The defendant agrees that unresolved substantive objections will be decided by the court at the sentencing hearing where the standard of proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the court may consider any reliable evidence, including hearsay.  Objections by the defendant to the pre-sentence report or the Court's rulings, will not be grounds for withdrawal of a plea of guilty.

19.  <u>Victims' Rights</u>.  The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and the regulations promulgated under those Acts by the Attorney General of the United States, crime victims have the following rights:

(a) The right to be reasonably protected from the accused.

(b) The right to reasonable, accurate, and timely notice of any public court proceeding or any parole proceeding, involving the crime or of any release or escape of the accused.

(c) The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding.

(d) The right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding.  The defendant understands that the victim's comments and recommendations at any of these proceedings may be different than those of the parties to this agreement.

(e) The reasonable right to confer with the attorney for the Government in the case.  The defendant understands that the victim's opinions and recommendations given to the attorney for the Government may be different than those presented by the United States as a consequence of this agreement.

(f) The right to full and timely restitution as provided for by law.  The attorney for the Government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly prolong or complicate the sentencing proceeding," and the Court is authorized to order restitution by the defendant including, but not limited to, restitution for property loss, economic loss, personal injury, or death.

(g) The right to proceedings free from unreasonable delay.

(h) The right to be treated with fairness and with respect for the victim's dignity and privacy.

20.  <u>Relevant Sentencing Information</u>.  At the sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to the defendant's background, character and conduct including the conduct that is the subject

of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this agreement.

21. <u>Maximum Sentence</u>. The defendant understands that the Court is not a party to and is not bound by this agreement nor any recommendations made by the parties. Thus, the Court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for 10 years, a fine of $250,000.00, a term of supervised release of up to 3 years, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits and assessments totaling $100.00.

22. <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>. If the Court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any pleas should the Court decline to follow any recommendations by any of the parties to this agreement.

23. <u>Full Cooperation</u>. The defendant agrees to cooperate fully with the United States. The defendant understands and agrees that complete and truthful cooperation is a material

15

condition of this agreement.  Cooperation shall include providing
all information known to the defendant regarding any criminal
activity, including but not limited to the offenses described in
this agreement.  Cooperation will also include complying with all
reasonable instructions from the United States, submitting to
interviews by investigators and attorneys at such reasonable
times and places to be determined by counsel for the United
States and to testify fully and truthfully before any grand
juries, hearings, trials or any other proceedings where the
defendant's testimony is deemed by the United States to be
relevant.  This may include submitting to interviews and
testifying at proceedings after defendant has been sentenced in
this matter.  The defendant understands that such cooperation
shall be provided to any state, local and federal law enforcement
agencies designated by counsel for the United States.  The United
States agrees that any statements made by the defendant during
the cooperation phase of this agreement shall not be used against
the defendant in any subsequent prosecutions unless and until
there is a determination by the Court that the defendant has
breached this agreement.  Moreover, the parties agree that,
although the defendant's statements made during the cooperation
phase cannot be used against the defendant in any subsequent
criminal prosecution, this provision shall not preclude the
United States from requiring the defendant to submit to

interviews by local, state or federal agencies which may use these statements in civil or administrative proceedings involving the defendant. The defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed until the cooperation phase has been completed so that at sentencing the Court will have the benefit of all relevant information.

24.  <u>Polygraph Examination</u>.  The defendant, if requested by the attorney for the United States, agrees to submit to polygraph examinations by a polygrapher selected by the United States.

25.  <u>Breach of Agreement</u>.  In the event the United States believes the defendant has failed to fulfill any obligations under this agreement, then the United States shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations.  Whether or not the defendant has completely fulfilled all of the obligations under this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence.  In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this agreement.

17

26.  <u>Admissibility of Polygraph Results</u>.  The parties agree
that at any court hearings held to determine whether the
defendant has breached this agreement, the polygraph results and
the polygrapher's conclusions and opinions shall be admissible.
The parties also agree that such polygraph data shall be
admissible at any sentencing hearings involving the defendant.

27.  <u>Remedies for Breach</u>.  The defendant and the United
States agree that in the event the Court concludes that the
defendant has breached the agreement:

> (a)  The defendant will not be permitted
> to withdraw any guilty plea tendered under
> this agreement and agrees not to petition for
> withdrawal of any guilty plea;
>
> (b)  The United States will be free to
> make any recommendations to the Court
> regarding sentencing in this case;
>
> (c)  Any evidence or statements made by the
> defendant during the cooperation phase
> will be admissible at any trials or sentencings;
>
> (d)  The United States will be free to bring any other
> charges it has against the defendant, including
> any charges originally brought against the
> defendant or which may have been under
> investigation at the time of the plea. The
> defendant waives and hereby agrees not to raise
> any defense to the reinstatement of these charges
> based upon collateral estoppel, Double Jeopardy or
> other similar grounds.

28.  <u>Further Prosecution for Perjury, False Statement, Etc.</u>
Nothing in this agreement shall protect the defendant in any way
from prosecution for any offense committed after the date of this
agreement, including perjury, false declaration, or false

18

statement, in violation of Title 18, United States Code, Section
1621, 1623, or 1001, or obstruction of justice, in violation of
Title 18, United States Code, Section 1503, 1505, or 1510, should
the defendant commit any of those offenses during the cooperation
phase of this agreement.  Should the defendant be charged with
any offense alleged to have occurred after the date of this
agreement, the information and documents disclosed to the United
States during the course of the cooperation could be used against
the defendant in any such prosecution.

29.  No Civil Claims or Suits.  The defendant agrees not to
pursue or initiate any civil claims or suits against the United
States of America, its agencies or employees, whether or not
presently known to the defendant, arising out of the
investigation, prosecution or cooperation covered by this
agreement, including but not limited to any claims for attorneys'
fees and other litigation expenses arising out of the
investigation and prosecution of this matter. By the defendant's
guilty plea in this matter the defendant further acknowledges
that the government's position in this litigation was taken in
good faith, had a substantial basis in law and fact and was not
vexatious.

30.  Transfer of Evidence.  The defendant agrees to
interpose no objection to the United States transferring evidence
or providing information concerning the defendant and/or this

19

offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, law enforcement agencies and licensing and regulatory agencies.

31. <u>Collection Action by IRS</u>. Nothing in this agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties due from the defendant arising out of or related in any way to the offenses identified in this agreement.

32. <u>Deportation</u>. The defendant understands that, if the defendant is not a United States citizen, deportation is a possible consequence of the defendant's plea.

33. <u>Rule 6(e) Order for Transfer of Information to IRS</u>. The defendant agrees to interpose no objections to the entry of an order under Fed.R.Crim.P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of the defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney or the Criminal Investigation Division of the Internal Revenue Service.

34. <u>Resignation of Position</u>. The defendant agrees to tender his resignation to the Pittston Area School District within ten days of the entry of the plea described above.

35. <u>Non-Limitation on Government's Response</u>. Nothing in this agreement shall restrict or limit the nature or content of

the United States's motions or responses to any motions filed on behalf of the defendant. Nor does this agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of the Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

36. <u>Agreement Not Binding on Other Agencies</u>. Nothing in this agreement shall bind any other federal, state or local law enforcement agency.

37. <u>Violation of Law While Plea or Sentence Pending</u>. The defendant understands that it is a condition of this plea agreement that the defendant refrain from any further violations of state, local or federal law while awaiting plea and sentencing under this agreement. The defendant acknowledges and agrees that if the government receives information that the defendant has committed new crimes while awaiting plea and /or sentencing in this case, the government may petition the Court and, if the Court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either: A) withdraw from this agreement, or B) make any sentencing recommendations to the Court that it deems appropriate. The defendant further understands and agrees that,

if the Court finds that the defendant has committed any other offense while awaiting plea or sentencing,  the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this plea agreement, and the government will be permitted to bring any additional charges which it may have against the defendant.

38. <u>Plea Agreement Serves Ends of Justice</u>. The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

39. <u>Merger of All Prior Negotiations</u>.  This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties or on the record in Court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure the defendant certifies that the defendant's plea is knowing and voluntary, and

is not the result of force or threats or promises apart from those promises set forth in this written plea agreement.

40.  <u>Deadline for Acceptance of Plea Agreement</u>. The original of this agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 9:00 a.m., May 15, 2009, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

41.  <u>Required Signatures</u>.  None of the terms of this agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and until signed by the United States Attorney.

ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.


Dated: _May 14, 2009_____          _____
                                              ROSS SCARANTINO
                                              Defendant

I am the defendant's counsel.  I have carefully reviewed every part of this agreement with the defendant. To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.


Dated: _5/14/09_____               _____
                                              FRANK W. NOCITO, ESQUIRE
                                              Counsel for Defendant


Dated: _5|14|09_____               _____
                                              PHILIP GELSO, ESQUIRE
                                              Counsel for Defendant


Dated: _5-20-09_____               _____
                                              MARTIN C. CARLSON
                                              United States Attorney


ACP:jm/May 12, 2009